Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs*
*Moose Toys Pty LTD; Moose Creative Pty LTD;*
*Moose Enterprise Pty LTD; and*
*Moose Creative Management Pty LTD*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOSE TOYS PTY LTD, MOOSE CREATIVE PTY LTD, MOOSE ENTERPRISE PTY LTD, and MOOSE CREATIVE MANAGEMENT PTY LTD, <br><br> *Plaintiffs* <br><br> v. <br><br> 5.29864, 2011_GOOD_2011, 2011TOYELITE, 3_FGEPX, 6CN4886, 6STARSERVICES, ACG168, AEGEAN09, AFRICAN_TRIBE, ALICEHKWONDERLAND F/K/A ALICEEVJH653, ANNA_XYWL, BAREFOOTCRIB, BESK.PETER, WWBB0088 F/K/A BESTBUYGOODS*2010, BBPP2018 F/K/A BESTLAW-TOYS, CANCAN25896, CARLOVER16, COOLMALL2080, COS999X, CRAZYOURCASEME, CUSTOMERFIRSTONLINE, CUSTOMERVINTAGEREJOICE, CXK128, DAILYICO, DENGBING1994021, DESIGNYOURCASEBYME, ECELL-UK, EMPN2917, ENGELEL, EON-FUN, EON SUNNY, FANCY2014-10, FANCYGET, FASHIONSTORE08_8, G0SPEL, GAOFESAN-0, GOODEAL04_NICE, | CIVIL ACTION No. ___ <br><br><br><br> **COMPLAINT** <br><br> **Jury Trial Requested** <br><br> **FILED UNDER SEAL** |

GOODSCOMMUNITY, GREATDEAL.TEAM, HANGSIT, HAPPYBABY2811, HAPPYKIDS_8, HIMALAYAMA, HOSAMAAN, IVITA_FACTORY2018, JEWELRYWHOLESALES2012, JOYSTORE2015, JULIACHOU1989, KAISTORE168, KJDS5588, KK559980, LIGHTBONE620, LOVEBEARGIFT, LUCKANGELXIN, LUCKYBOY88, MANDY-LUO2011, MAYRECORDS, MGTRYAGAIN, TIANTIANSTORE F/K/A MIRIAMTOYSTORE, MITOU5, MYHOMESTORY2006, NIUBILITY_STORE, NUOYA2012, PHTF9313, PINFANSHIJIE668, RED_STAR2013, RETROFASHIONSTORE, SAYGOOD2017, SDF8875, SHAWSONCRAFT, SHIPPINGTIME007, SNAILSTORE2010, JIUTIANLANYUE F/K/A, STARSKY2018, SUNNZHO_5, SUNSHINE-SMILE1990, SUPPERTATTOO11, TANXINZHI88, TE1077821, TEUYGHIU, TOP_SERVICE_NO1, LUCKYFAYE2018 F/K/A TRUELY_DEEPLY, WELCOME1618, WONDERFULWORLD56, WUHAIZHOU86, XQT2018 F/K/A XC8665, YANGYONGJIE, YINGXIONGWND_5, YIYEMUZHANG009, YYRRBEAUTY96 and ZHUOFEN7957579,

*Defendants*

Plaintiffs Moose Toys Pty LTD ("Moose Toys"), a proprietary limited company organized and existing under the laws of Australia, Moose Creative Pty LTD ("Moose Creative"), a proprietary limited company organized and existing under the laws of Australia, Moose Enterprise Pty LTD ("Moose Enterprise"), a proprietary limited company organized and existing under the laws of Australia, and Moose Creative Management Pty LTD ("Moose Management"), a proprietary limited company organized and existing under the laws of Australia (Moose Toys, Moose Creative, Moose Enterprise and Moose Management are hereinafter collectively referred to as "Moose" or "Plaintiffs"), by and through their undersigned counsel, allege as follows:

## NATURE OF THE ACTION

This action involves claims for trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; counterfeiting of Plaintiffs' federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of Plaintiffs' federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and related state and common law claims (the "Action"), arising from Defendants 5.29864, 2011_good_2011, 2011toyelite, 3_fgepx, 6cn4886, 6starservices, acg168, aegean09, african_tribe, alicehkwonderland f/k/a aliceevjh653, anna_xywl, barefootcrib, besk.peter, wwbb0088 f/k/a bestbuygoods*2010, bbpp2018 f/k/a bestlaw-toys, cancan25896, carlover16, coolmall2080, cos999x, crazyourcaseme, customerfirstonline, customervintagerejoice, cxk128, dailyico, dengbing1994021, designyourcasebyme, ecell-uk, empn2917, engelel, eon-fun, eon sunny, fancy2014-10, fancyget, fashionstore08_8, g0spel, gaofesan-0, goodeal04_nice, goodscommunity, greatdeal.team, hangsit, happybaby2811, happykids_8, himalayama, hosamaan, ivita_factory2018,

3

jewelrywholesales2012, joystore2015, juliachou1989, kaistore168, kjds5588, kk559980, lightbone620, lovebeargift, luckangelxin, luckyboy88, mandy-luo2011, mayrecords, mgtryagain, tiantianstore f/k/a miriamtoystore, mitou5, myhomestory2006, niubility_store, nuoya2012, phtf9313, pinfanshijie668, red_star2013, retrofashionstore, saygood2017, sdf8875, shawsoncraft, shippingtime007, snailstore2010, jiutianlanyue f/k/a, starsky2018, sunnzho_5, sunshine-smile1990, suppertattoo11, tanxinzhi88, te1077821, teuyghiu, top_service_no1, luckyfaye2018 f/k/a truely_deeply, welcome1618, wonderfulworld56, wuhaizhou86, xqt2018 f/k/a xc8665, yangyongjie, yingxiongwnd_5, yiyemuzhang009, yyrrbeauty96 and zhuofen7957579 (hereinafter collectively referred to as "Defendants" or individually as "Defendant") infringement of the Shopkins Marks (as defined *infra*) and Shopkins Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, counterfeit and infringing versions of Plaintiffs' Shopkins Products (as defined *infra*).

## <u>JURISDICTION AND VENUE</u>

1.     This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

2.     Personal jurisdiction exists over Defendants in this judicial district pursuant to

N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff, Plaintiffs' Authorized NY Licensees (as defined *infra*) and Plaintiffs' Exclusive Distributor (as defined *infra*) in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

    a. Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through accounts with online marketplace platforms such as eBay (as defined *infra*) as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts"), through which consumers in the U.S., including New York, can view one or more of Defendants' Merchant Storefronts (as defined *infra*) that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products (as defined *infra*) and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b.  Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses using their respective User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") in wholesale quantities at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically New York.

c.  Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address (as defined *infra*).

d.  Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

e.  Upon information and belief, Defendants are aware of Plaintiffs, their Shopkins Products, Shopkins Works and Shopkins Marks, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Plaintiffs and Plaintiffs' Authorized NY Licensees in the United States and specifically, in New York and this judicial district.

3.  Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact and/or solicit business in this judicial district.

6

## THE PARTIES

4.      Plaintiff Moose Toys is a proprietary limited company organized and existing under the laws of Australia, having a principal place of business at 29 Grange Road, Cheltenham, Melbourne VIC 3192, Australia, and has a license to use the Marks and the Works in connection with the distribution and sale of the Moose Products and Shopkins Products in the U.S.

5.      Plaintiff Moose Creative is a proprietary limited company organized and existing under the laws of Australia, having a principal place of business at 29 Grange Road, Cheltenham, Melbourne VIC 3192, Australia.

6.      Plaintiff Moose Enterprise is a proprietary limited company organized and existing under the laws of Australia, having a principal place of business at 29 Grange Road, Cheltenham, Melbourne VIC 3192, Australia.

7.      Plaintiff Moose Management is a proprietary limited company organized and existing under the laws of Australia, having a principal place of business at 29 Grange Road, Cheltenham, Melbourne VIC 3192, Australia

8.      Upon information and belief, Defendants are merchants on the eBay.com online marketplace platform, which, upon information and belief, is owned and operated by eBay Inc., a Delaware corporation with a principal place of business at 2025 Hamilton Avenue, San Jose, California 95125, through which Defendants offer for sale and/or sell Counterfeit Products.

## GENERAL ALLEGATIONS

### Plaintiffs and Their Well-Known Shopkins Products

9.      Plaintiffs are an Australian-based, family-owned business, founded in 1985 that designs, develops, markets and sells innovative children's lifestyle products and toys ("Moose Product(s)") under their well-known brands, including: Shopkins, The Trash Pack, Glitzi Globes,

Little Live Pets, The Ugglys, Chocolate Bar Maker, Beados, and The Zelfs, among others ("Moose Brand(s)").

10.     Plaintiffs sell their Moose Products in over eighty (80) countries worldwide, through major retailers, quality toy stores, department stores and online marketplaces, including, but not limited to: Walmart, Toys R Us, Justice, Target, Kohls, Amazon.com and many others.

11.     One of the most popular Moose Brands is Shopkins, a line of well over one thousand (1,000) miniature supermarket-themed, collectible character figurines ("Shopkins Product Line").  The Shopkins Product Line is categorized by location in the supermarket, such as toiletries, fruits, vegetables, frozen foods and bakery goods and are given cute and clever names like "Rockin Brock" for a head of broccoli, "Marsha Mellow" for a toasted marsh mellow and "Freezy Peazy" for a bag of frozen peas.  The Shopkins Product Line is sold in 2 packs, 5 packs and 12 packs.   The Shopkins Product Line also offers themed playsets such as Small Mart, Fruit & Vegetable and Bakery Stands and Vending Machines.  Currently, Moose has released nine (9) series (or seasons) of its Shopkins Product Line (hereinafter referred to as "Series" or "Seasons").

12.     Moose and its authorized licensees sell Shopkins-related accessories and other licensed products, including, but not limited to, dolls, plush toys, backpacks, lunchboxes, board games and candy ("Licensed Shopkins Products") (collectively, Shopkins Product Line and Licensed Shopkins Products are hereinafter referred to as "Shopkins Products").  Since their launch in 2014, the Shopkins Products have been widely successful in becoming a must-have children's toys.

13.     Plaintiffs have authorized licensees headquartered in the state of New York, including, but not limited to, FAB Starpoint, Fast Forward LLC, Global Design Concepts and Jacmel Jewelry Inc. (collectively, "Authorized NY Licensees").  The Authorized NY Licensees manufacture, advertise, market, promote, distribute, display, offer for sale and/or sell Shopkins

Products in the state of New York as well as throughout the U.S.

14.     Plaintiffs' exclusive distributor for Shopkins Products, License 2 Play Inc., ("Exclusive Distributor") is also located in New York.

15.     The popularity of the Shopkins Products has led Moose to expand into other business areas, including the development of Shopkins webisodes featuring the Shopkins characters, available on the Shopkins website, www.shopkinsworld.com (the "Website") and YouTube; these have garnered tens of millions of views.  Additionally, Moose has entered into a deal with a major entertainment company for the production of a Shopkins cartoon series, "Shopkins: Chef Club," which was released in November 2016.

16.     Moose has received over forty (40) industry awards for its Moose Products and more specifically, for its Shopkins Products, including the Licensing Industry Merchandisers' Association's (LIMA) Character/Toy Brand of the Year for 2016 and the Toy Industry Association of America's ("TTPM") 2015 Girl Toy of the Year Award for the Shopkins Smart Mart playset and the TTPM's 2016 Girl Toy of the Year Award for the Shopkins Scoops Ice Cream Truck. Further, Moose and its Shopkins Products have also been nominated for TTPM's 2017 Collectible of the Year for the Shopkins Season 6: Chef Club, the 2017 Doll of the Year for Shopkins Core Shoppies, 2017 License of the Year for Shopkins and 2016 Property of the Year for Shopkins.  In addition, Moose has been honored with KZone's Stocking Stuffer of the Year 2016, TTPM's Holiday 2014 Most Wanted List, Walmart's 2014 Chosen by Kids Top 20 Toy List and Toys R Us' 2014 Holiday Hot Toy List for one or more of its Moose Products.

17.     While Moose has gained significant common law trademarks and other rights in the Moose Products, including the Shopkins Products, through extensive use, advertising and promotion, Moose has also protected its valuable rights by filing for and obtaining federal trademark registrations.

18.     For example, Plaintiffs are the owners and/or licensees of U.S. Trademark Registration Nos. 4,528,193, 5,319,666, 5,051,992 and 5,051,776 for the wordmark "SHOPKINS" for a wide variety of goods in Classes 3, 9, 12, 16, 18, 21, 24, 25, 26, 28, 30 and 41, U.S. Trademark Registration No. 5,292,679 for "SHOPKINS KINSTRUCTIONS" for a variety of goods in Class 28, U.S. Trademark Registration No. 5,202,410 for "SHOPKINS ONCE YOU SHOP … YOU CAN'T STOP!" for a variety of goods in Classes 16 and 28, U.S. Trademark Registration No. 3,363,052 for  for a for a wide variety of goods in Classes 22, 23, 28, 38 and 50, U.S. Trademark Registration No. 5,178,557 for  for a wide variety of goods in Classes 9, 16 & 28 and U.S. Trademark Application No. 79/193,499 for "SHOPKINS HAPPY PLACES" for a variety of goods in Classes 16 and 28 (collectively, hereinafter referred to as the "Shopkins Marks").  True and correct copies of the registration certificates and printouts from the USPTO for the application for the Shopkins Marks are attached hereto as **Exhibit A** and incorporated herein by reference.

19.     The Shopkins Marks are currently in use in commerce in connection with the Shopkins Products.  The Shopkins Marks were first used in commerce on or before the dates of first use as reflected in the registration certificates and printouts from the USPTO attached hereto as Exhibit A.

20.     In addition, Plaintiffs are also the owners and/or licensees of both registered and unregistered copyrights in and related to the Moose Products, which include the Shopkins Products.

21.     For example, Plaintiffs are the owners and/or licensees of U.S. Copyright Registration No. VA 1-974-382 covering the Shopkins Series 1 Collector's Guide and characters, U.S. Copyright Registration No. VA 1-974-244 covering the Shopkins Series 2 Collector's Guide

and characters, U.S. Copyright Registration No. VA 1-974-287 covering the Shopkins Series 3 Collector's Guide and characters, U.S. Copyright Registration No. VAu 1-229-182 covering Shopkins Series 4 characters, U.S. Copyright Registration Nos. VAu 1-247-227 and VAu 1-247-232 covering the Shopkins Series 5 Collector's Guide and characters, U.S. Copyright Registration No. VAu 1-262-178 covering the Shopkins Series 6 Characters and U.S. Copyright Registration No. VA 2-045-570 covering the Shopkins Series 6 (Chef Club) Collector's Guide, as well as numerous common law copyrights (hereinafter collectively referred to as the "Shopkins Works"). True and correct copies of the registration certificates for the Shopkins Works are attached hereto as **Exhibit B** and incorporated herein by reference.

22.     Plaintiffs have spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in the Shopkins Products, Shopkins Works and Shopkins Marks.

23.     The success of the Shopkins Products is due in large part to Plaintiffs' marketing, promotion and distribution efforts.  These efforts include, but are not limited to, the advertising and promotion of the Shopkins Products through the Website, nationwide television advertising campaigns for the Shopkins Products, print and internet-based advertising and publicity for the Shopkins Products, placement of the Shopkins Products at dozens of authorized major retail outlets, both domestically and abroad, and Plaintiffs' participation in trade shows.

24.     Plaintiffs' success is also due to their use of high quality materials and processes in making the Shopkins Products.

25.     Additionally, Plaintiffs owe a substantial amount of the success of the Shopkins Products to their consumers and word-of-mouth buzz that their consumers have generated.

26.     As a result of Plaintiffs' efforts, the quality of their Shopkins Products, their promotions, extensive press and media coverage and word-of mouth-buzz, the Shopkins Products,

Shopkins Works and Shopkins Marks have become prominently placed in the minds of the public. Members of the public have become familiar with Shopkins Products, Shopkins Works and Shopkins Marks, and have come to recognize the Shopkins Products, Shopkins Works and Shopkins Marks and associate them exclusively with Plaintiffs.  Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such associations.

27.     Plaintiffs have gone to great lengths to protect their interests in and to the Shopkins Works and Shopkins Marks.  No one other than Moose and its authorized licensees and distributors are authorized to manufacture, import, export, advertise, offer for sale or sell any Moose Products, Shopkins Products or any other goods utilizing the Shopkins Works or Shopkins Marks without the express written permission of Moose.

### eBay and Defendants' User Accounts

28.     eBay.com is an online marketplace and e-commerce platform that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products originating from China,[1] among other locations, directly to consumers worldwide and specifically those residing in the U.S., including New York (hereinafter, "eBay").

29.     A significant number of third-party merchants that have User Accounts with and operate Merchant Storefronts on eBay, like Defendants, are located in China.[2]  Of the top third-party merchants selling on eBay, 85% are based in China or Hong Kong.[3]  Currently, eBay claims that it has a base of 25 million third-party merchants and 168 million active buyers.[4]  Over the past 20 years, eBay has become one of the most popular e-commerce platforms in the world, currently

---

[1] *See* Andy Geldman, *The World's Top eBay Sellers,* WEBRETAILER (Sept. 18, 2017), https://www.webretailer.com/lean-commerce/worlds-top-ebay-sellers/.
[2] *See id*
[3] *See id.*
[4] *See* Michael Guta, *There are 168 Million Active Buyers on eBay Right Now (INFOGRAPHIC),* SMALL BUSINESS TRENDS (Mar. 23, 2018), https://smallbiztrends.com/2018/03/ebay-statistics-march-2018.html.

placing it as the sixth most popular website in the U.S.[5]  At any given time, eBay contains some

100 million listings and more than 6 million new listings are posted on it daily.[6]

30.    eBay aggressively uses the internet, including Facebook, Tumblr, Twitter and

Instagram, to market itself and the products offered for sale and/or sold by its third-party merchant

users to potential consumers, particularly those in the U.S.[7]  For example, 10% of the traffic eBay

sends from its Facebook page to eBay.com converts into bids and/or purchases.

31.    As recently addressed in news reports[8] and as reflected in the federal lawsuits filed

against third-party merchants offering for sale and selling infringing and/or counterfeit products

on eBay,[9] an astronomical number of counterfeit and infringing products are offered for sale and

sold on eBay at a rampant rate.[10]  For example, a consumer watchdog organization found that

eBay[11] accounts for 61% of the 25 million counterfeit products that the organization has removed

from various e-commerce platforms, including Amazon, Alibaba/AliExpress and Walmart.[12]  eBay

spends approximately $5 million per year to attempt to alleviate its counterfeiting issues.[13]

---

[5] See id.

[6] See Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93 (2d Cir. 2010).

[7] See Christopher Ratcliff, How eBay uses social media: Tumblr, Twitter and Instagram, ECONSULTANCY (Jan. 22, 2015), https://econsultancy.com/blog/66000-how-ebay-uses-social-media-tumblr-twitter-and-instagram.

[8] See 10 WAYS IN WHICH EBAY IS DRIVING SALES THROUGH SOCIAL MEDIA, INTERNET OF THINGS EVENTS, https://www.iotevents.org/10-ways-in-which-ebay-is-driving-sales-through-social-media/.

[9] See Andi Sykes, Specialized Wages Ware on Counterfeiters (Dec. 9, 2016), http://singletrackworld.com/2016/12/specialized-wages-war-on-counterfeiters/.

[10] See, e.g., Cartier Int'l A.G. v. Replicapaneraiwatches, 2018 U.S. Dist. LEXIS 8190, Case No. 17-62401-CIV-MOORE/SNOW (S.D. Fla. Jan. 17, 2018); Gucci Am., Inc. v. BerryArt, 2016 U.S. Dist. LEXIS 190557, Case No. 16-60771-CIV-WILLIAMS (S.D. Fla. May 12, 2016) and Michael Kors L.L.C. v. Alwaysmylove, 2016 U.S. Dist. LEXIS 190599, Case No. 16-CIV-60011-DIMITROULEAS/SNOW (S.D. Fla. Feb. 3, 2016).

[11] See Christina Warren, Ebay Is Finally Doing Something About Counterfeit Goods, GIZMODO (Jan. 12, 2017), https://gizmodo.com/ebay-is-finally-doing-something-about-counterfeit-goods-1791138822; see also United States Government Accountability Office, Report to the Chairman, Committee on Finance, U.S. Senate, Intellectual Property: Agencies Can Improve Efforts to Address Risks Posed by Changing Counterfeits Market (2018) and eBay, Amazon Cracking Down on Counterfeit Goods Sold on their Sites, WSB Radio (Mar. 5, 2018), https://www.wsbradio.com/video/local-video/ebay-amazon-cracking-down-counterfeit-goods-sold-their-sites/wSlkAYC27NEnMp61rRpKaJ/ (discussing an undercover study by the United States Government Accountability Office which found that nearly half of the products bought from third party sellers on Amazon and eBay were fake).

[12] See Ben Unglesbee, Can Amazon and its marketplace rivals fix their counterfeits problem?, RETAIL DIVE (April 9, 2018), https://www.retaildive.com/news/can-amazon-and-its-marketplace-rivals-fix-their-counterfeits-problem/520301/; see also THE COUNTERFEIT REPORT, https://www.thecounterfeitreport.com/.

[13] See Declan McCullagh, eBay wins counterfeit-sales suit filed by Tiffany, CNET (July 15, 2008), https://www.cnet.com/news/ebay-wins-counterfeit-sales-suit-filed-by-tiffany.

32.     Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their User Accounts and Merchant Storefronts on eBay as well as potential yet undiscovered additional online marketplace platforms.

33.     Through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

### Defendants' Wrongful and Infringing Conduct

34.     Particularly in light of Moose and the Shopkins Products' successes, as well as the reputation they have built, Plaintiffs and their Shopkins Products have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation and fame that Plaintiffs have amassed in their Shopkins Products, the works embodied in the Shopkins Works and the Shopkins Marks, and Plaintiffs investigate and enforce against such activities.

35.     As part of these efforts, Plaintiff retained New Alchemy Limited ("NAL"), a company that provides trademark infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling Counterfeit Products on eBay.

36.     Through NAL's investigative and enforcement efforts, Plaintiff learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing or used in connection with the Shopkins Marks and/or Shopkins Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Shopkins Marks and/or Shopkins Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Shopkins Marks and/or Shopkins Works and/or

products that are identical or confusingly or substantially similar to Shopkins Products (collectively referred to as, "Infringing Product(s)" or "Counterfeit Product(s)") to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts. Printouts of listings for Counterfeit Products from Defendants' User Accounts and Merchant Storefronts are included in **Exhibit C** attached hereto and incorporated herein by reference**.**

37.     Defendants are not, and have never been, authorized by Plaintiffs, Plaintiffs' Authorized NY Licensees or Plaintiffs' Exclusive Distributor, or any of their authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the Shopkins Products or to use the Shopkins Works and Shopkins Marks, or any marks or artwork that are confusingly or substantially similar to the Shopkins Works or Shopkins Marks.

38.     Defendants' Counterfeit Products are nearly indistinguishable from Moose's Shopkins Products, only with minor variations that no ordinary consumer would recognize.

39.     During its investigation, NAL identified Defendants as offering for sale and/or selling Counterfeit Products and specified a shipping address located in New York ("the New York Address") and verified that each Defendant provides shipping to the New York Address. Printouts of the checkout pages for the Counterfeit Products and pages from Defendants' Merchant Storefronts reflecting that the Defendants ship the Counterfeit Products to the New York Address are included in **Exhibit C** attached hereto and incorporated herein by reference.

40.     NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Counterfeit Products through their respective Merchant Storefronts, accepting payment for such Counterfeit Products in U.S. Dollars through eBay's own payment processing services ("eBay Payment System"), or through accounts with the payment processing agency PayPal, Inc. ("PayPal"), and that each Defendant provides shipping and/or has actually shipped

Counterfeit Products to the U.S., including to customers located in New York. NAL's findings are supported by Defendants' listings for Counterfeit Products and/or the checkout pages for the Counterfeit Products, which are included in **Exhibit C** attached hereto and incorporated herein by reference.

41.      For example, below on the left is an image of one of Plaintiffs' Shopkins Products, which typically retails for $17.50.   Depicted below on the right is a listing for Defendant 6starservices's   Counterfeit   Product   ("6starservices   Infringing   Listing"   and   "6starservices Counterfeit Product," respectively).   The 6starservices Infringing Listing appears on  Defendant 6starservices's   Merchant   Storefront,   https://www.ebay.com/itm/Doughnut-Hobbies-Muffin-Chocolate-Mini-New-Shopkins-plush-toy-Stuffed-Lipsticks/331955416991,   and   offers   the 6starservices Counterfeit Product for $4.65 per item, using, featuring and/or incorporating one or more of the Shopkins Marks, the Shopkins Works, and/or confusingly or substantially similar marks or artwork in the listing title "Doughnut Hobbies Muffin Chocolate Mini New **Shopkins** plush toy Stuffed Lipsticks" (emphasis added) and in the descriptions and/or product images in the body of the listing.  Further, the 6starservices Counterfeit Product is virtually identical to one of the Shopkins Products and features and/or incorporates one or more of the Shopkins Works and Shopkins Marks.  There is no question that the 6starservices Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiffs' Shopkins Products or that the 6starservices Counterfeit Product is otherwise approved by or sourced from Plaintiffs, their Authorized NY Licensees or Exclusive Distributor, thereby trading off of the goodwill and reputation of Plaintiffs by engaging in the unauthorized use of the Shopkins Works and Shopkins Marks:

**Shopkins Product**                      **Defendant Infringing Listing**





42.     By way of another example, below on the left is an image of one of Plaintiffs'

Shopkins Products, which typically retails for $17.50.  Depicted below on the right is a listing for

Defendant pinfanshijie668 Counterfeit Product ("pinfanshijie668 Infringing Listing" and

"pinfanshijie668 Counterfeit Product," respectively).   The pinfanshijie668 Infringing Listing

appears on  Defendant pinfanshijie668's Merchant Storefront, https://www.ebay.com/itm/7pcs-

Shopkins-plush-toys-Mini-Muffin-doughnut-lipsticks-Chocolate-Stuffed-doll/172763566782,

and offers the pinfanshijie668 Counterfeit Product for $19.73 per item, using, featuring and/or

incorporating one or more of the Shopkins Marks, the Shopkins Works, and/or confusingly or

substantially similar marks or artwork in the listing title "7pcs **Shopkins** plush toys Mini Muffin

doughnut lipsticks Chocolate Stuffed doll'" (emphasis added) and in the descriptions and/or

product images in the body of the listing.  Further, the pinfanshijie668 Counterfeit Product is

virtually identical to one of the Shopkins Products and features and/or incorporates one or more of

the Shopkins Works and Shopkins Marks.   There is no question that the pinfanshijie668

17

Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiffs' Shopkins Products or that the pinfanshijie668 Counterfeit Product is otherwise approved by or sourced from Plaintiffs, their Authorized NY Licensees or Exclusive Distributor, thereby trading off of the goodwill and reputation of Plaintiffs by engaging in the unauthorized use of the Shopkins Works and Shopkins Marks:

| **Shopkins Product** | **Defendant Infringing Listing** |
| --- | --- |




43.     As another example, below on the left is an image of one of Plaintiffs' Shopkins Products, which typically retails for $19.99. Depicted below on the right is a listing for Defendant suppertattoo11's Counterfeit Product ("suppertattoo11 Infringing Listing" and "suppertattoo11 Counterfeit Product," respectively). The suppertattoo11 Infringing Listing appears on Defendant suppertattoo11's Merchant Storefront, https://www.ebay.com/itm/50PCs-Shopkins-Season-7-Ultra-Rare-Special-Edition-Kids-Toys-Action-Figure/322513790997, and offers the suppertattoo11 Counterfeit Product for $16.99 per item, using, featuring and/or incorporating one or more of the Shopkins Marks, the Shopkins Works, and/or confusingly or substantially similar marks or artwork in the listing title "50PCs **Shopkins** Season 7 Ultra Rare Special Edition Kids

Toys Action Figure" (emphasis added) and in the descriptions and/or product images in the body of the listing.  Further, the suppertattoo11 Counterfeit Product is virtually identical to one of the Shopkins Products and features and/or incorporates one or more of the Shopkins Works and Shopkins Marks.  There is no question that the suppertattoo11 Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiffs' Shopkins Products or that the suppertattoo11 Counterfeit Product is otherwise approved by or sourced from Plaintiffs, their Authorized NY Licensees or Exclusive Distributor, thereby trading off of the goodwill and reputation of Plaintiffs by engaging in the unauthorized use of the Shopkins Works and Shopkins Marks:

| **Shopkins Product** | **Defendant Infringing Listing** |
|---|---|




44.    By these dealings in Counterfeit Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products), Defendants violated Plaintiffs' exclusive rights in the Shopkins Works and Shopkins Marks, and have used marks, images and artwork that are confusingly and/or substantially similar to, identical to and/or constitute counterfeiting and/or

infringement of the Shopkins Works and Shopkins Marks in order to confuse consumers into believing that such Counterfeit Products are Shopkins Products and aid in the promotion and sales of their Counterfeit Products.  Defendants' conduct began long after Plaintiffs' adoption and use of the Shopkins Works and Shopkins Marks, after Plaintiffs obtained the federal registrations in the Shopkins Works and Shopkins Marks, as alleged above, and after Plaintiffs' Shopkins Products, Shopkins Works and Shopkins Marks became well-known to the purchasing public.

45.     Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiffs' ownership of the Shopkins Works and Shopkins Marks, of the fame and incalculable goodwill associated therewith and of the popularity and success of the Shopkins Products, and in bad faith adopted the Shopkins Works and Shopkins Marks.

46.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiffs' rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiffs, the Shopkins Marks, Shopkins Works and Shopkins Products.

47.     Defendants' dealings in Counterfeit Products, as alleged herein, has caused, and will continue to cause confusion, mistake, economic loss, and has, and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with Plaintiffs, Plaintiffs' Authorized NY Licensees or the Exclusive Distributor, thereby damaging Plaintiffs.

48.     By engaging in these actions, Defendants have, jointly and severally, , among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiffs, Plaintiffs' Authorized NY Licensees and the Exclusive

Distributor: infringed and counterfeited the Shopkins Marks, infringed the Shopkins Works, committed unfair competition and unfairly and unjustly profited from such activities at Plaintiffs', their Authorized NY Licensees' and the Exclusive Distributor' expense.

49.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act,**
**15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c)))**

50.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

51.     Plaintiffs are the exclusive owners and/or licensees of all right and title to the Shopkins Marks.

52.     Plaintiffs have continuously used the Shopkins Marks in interstate commerce since on or before the date of first use as reflected in the registrations attached hereto as **Exhibit A**.

53.     Without Plaintiffs' authorization or consent, with knowledge of Plaintiffs' well-known and prior rights in their Shopkins Marks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the Shopkins Marks and/or used spurious designations that are identical with, or substantially indistinguishable from, the Shopkins Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

54.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiffs, their Authorized NY Licensees and the Exclusive Distributor, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiffs' rights in and to the Shopkins Marks through their participation in such

activities.

55.      Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the Shopkins Marks to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiffs, thereby making substantial profits and gains to which they are not entitled in law or equity.

56.      Defendants' unauthorized use of the Shopkins Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiffs or their authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Shopkins Marks.

57.      Defendants' actions constitute willful counterfeiting of the Shopkins Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

58.      As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiffs, their Authorized NY Licensees, and the Exclusive Distributor, their businesses, their reputations and their valuable rights in and to the Shopkins Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiffs, their Authorized NY Licensees, and the Exclusive Distributor have no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and

damage to Plaintiffs and their valuable Shopkins Marks.

59.     Based on Defendants' actions as alleged herein, Plaintiffs are entitled to injunctive relief, damages for the irreparable harm that Plaintiffs have sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Infringement of Registered Trademarks)**
**[115 U.S.C. § 1114/Lanham Act § 32(a)]**

60.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

61.     Plaintiffs have continuously used the Shopkins Marks in interstate commerce since on or before the date of first use as reflected in the registration certificates attached hereto as **Exhibit A**.

62.     Plaintiff, as owners and/or licensees of all right, title and interest in and to the Shopkins Marks, have standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

63.     Defendants were, were, at the time they engaged in their actions as alleged herein, actually aware that Plaintiffs are the owners and/or licensees of the federal trademark registrations for the Shopkins Marks.

64.     Defendants did not seek and thus inherently failed to obtain consent or authorization from Plaintiffs, as the registered trademark owners and/or licensees of the Shopkins Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell Shopkins Products and/or related products

bearing the Shopkins Marks into the stream of commerce.

65.     Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Shopkins Marks and/or which are identical or confusingly similar to the Shopkins Marks.

66.     Defendants knowingly and intentionally reproduced, copied and colorably imitated the Shopkins Marks and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

67.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Plaintiffs are the owners and/or licensees of all rights in and to the Shopkins Marks.

68.     Defendants' egregious and intentional use of the Shopkins Marks in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Plaintiffs' Shopkins Products or are otherwise associated with, or authorized by, Plaintiffs.

69.     Defendants' actions have been deliberate and committed with knowledge of Plaintiffs' rights and goodwill in the Shopkins Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

70.     Defendants' continued, knowing, and intentional use of the Shopkins Marks

without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered Shopkins Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

71.     a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiffs, their Authorized NY Licensees and the Exclusive Distributor have suffered substantial monetary loss and irreparable injury, loss and damage to their business and their valuable rights in and to the Shopkins Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiffs have no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiffs, their Authorized NY Licensees, their Exclusive Distributor and the valuable Shopkins Marks.

72.     Based on Defendants' actions as alleged herein, Plaintiffs are entitled to injunctive relief, damages for the irreparable harm that Plaintiffs have sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

73.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

74.     Plaintiffs, as the owners and/or licensees of all right, title and interest in and to the Shopkins Marks, have standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

75.     The Shopkins Marks are inherently distinctive and/or have acquired distinctiveness.

76.     Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of the Shopkins Marks and Shopkins Works and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Counterfeit Products are Shopkins Products or related products, and/or that Defendants' Counterfeit Products are authorized, sponsored, approved, endorsed or licensed by Plaintiffs and/or that Defendants are affiliated, connected or associated with Plaintiffs, thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, the Shopkins Marks and Shopkins Works, to Defendants' substantial profit in blatant disregard of Plaintiffs' rights.

77.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical to, confusingly similar to or which constitute colorable imitations of Plaintiffs' Shopkins Products using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of the Shopkins Marks and Shopkins Works, Defendants have traded off the extensive goodwill of Plaintiffs and their Shopkins Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing with Plaintiffs.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiffs and their Shopkins Marks, which Plaintiffs have amassed through their nationwide marketing, advertising, sales and

consumer recognition.

78.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of the Shopkins Marks and Shopkins Works would cause confusion, mistake or deception among purchasers, users and the public.

79.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation Plaintiffs, their Shopkins Products, Shopkins Marks and Shopkins Works.

80.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiffs, their Authorized NY Licensees and their Exclusive Distributor by depriving Plaintiffs, their Authorized NY Licensees and their Exclusive Distributor of sales of their Shopkins Products and by depriving Plaintiffs, their Authorized NY Licensees and their Exclusive Distributor of the value of their Shopkins Marks and Shopkins Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiffs, their Authorized NY Licensees and their Exclusive Distributor and the goodwill and reputation associated with the value of Shopkins Marks and Shopkins Works.

81.     Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiffs have sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants

as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Federal Copyright Infringement)**
**[17 U.S.C. § 501(a)]**

82. Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

83. Plaintiffs are the exclusive owners of the Shopkins Works.

84. Defendants had actual notice of Plaintiffs' exclusive rights in and to the Shopkins Works.

85. Defendants did not attempt and therefore inherently failed to obtain Plaintiffs' consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market Plaintiffs' Shopkins Products and/or Shopkins Work.

86. Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed the Shopkins Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products which bear such Shopkins Works, or artwork that is, at a minimum, substantially similar to the Shopkins Works.

87. Defendants' unlawful and willful actions as alleged herein constitute infringement of the Shopkins Works, including Plaintiffs' exclusive rights to reproduce, distribute and/or sell such Shopkins Works in violation of 17 U.S.C. § 501(a).

88. Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiffs in an amount as yet unknown but to be proven at trial, for which Plaintiffs have no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiffs.

89.     Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief, Plaintiffs' actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**(Violation of Deceptive Acts and Practices Unlawful)**
**[N.Y. Gen. Bus. Law § 349]**

90.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

91.     Through Defendants' unlawful, unauthorized and unlicensed use of the Shopkins Works and/or Shopkins Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiffs Shopkins Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

92.     Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.  Such conduct has deceived and materially mislead, or has a tendency to deceive and materially mislead, the consuming public, and has injured and will continue to injure Plaintiffs', their Authorized NY Licensees' and their Exclusive Distributor's businesses, reputations and goodwill in violation of N.Y. Gen. Bus. Law § 349.

93.     As a result of Defendants' actions alleged herein, Plaintiffs have suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

94.     Pursuant, to N.Y. Gen. Bus. Law. § 349(h), Plaintiffs are entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**(False Advertising Unlawful)**
**[N.Y. Gen. Bus. Law § 350]**

95.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

96.     Without the authorization of Plaintiffs, Defendants have used the Shopkins Works and/or Shopkins Marks and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to the Shopkins Works and/or Shopkins Marks in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiffs' Shopkins Products, causing confusion, mistake and deceiving consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

97.     Defendants' aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade or commerce and has injured and will continue to injure Plaintiffs', their Authorized NY Licensees' and their Exclusive Distributor's businesses, reputations and goodwill in violation of N.Y. Gen. Bus. Law § 350.

98.     As a result of Defendants' actions alleged herein, Plaintiffs have suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

99.     Pursuant to N.Y. Gen. Bus. Law. § 350(e), Plaintiffs are entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

100.    Plaintiffs replead and incorporate by reference each and every allegation set forth

in the preceding paragraphs as if fully set forth herein.

101.  By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Plaintiffs and their Shopkins Products to induce, and did induce and intends and will continue to induce, customers to purchase their Counterfeit Products, thereby directly competing with Plaintiffs.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiffs, which Plaintiffs have amassed through their nationwide marketing, advertising, sales and consumer recognition.

102.  Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of Plaintiffs' rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

103.  Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

104.  Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Plaintiffs' rights, and for the wrongful purpose of injuring Plaintiffs, their Authorized NY Licensees and their Exclusive Distributor and their competitive positions while

31

benefiting Defendants.

105.     As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiffs have been and will continue to be deprived of substantial sales of their Shopkins Products in an amount as yet unknown but to be determined at trial, for which Plaintiffs have no adequate remedy at law, and Plaintiffs have been and will continue to be deprived of the value of their Shopkins Works and Shopkins Marks as commercial assets in an amount as yet unknown but to be determined at trial, for which Plaintiffs have no adequate remedy at law.

106.     As a result of Defendants' actions alleged herein, Plaintiffs are entitled to injunctive relief, an order granting Plaintiffs' damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

### EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

107.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

108.     By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

109.     Defendants' retention of monies gained through their deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, inclusive, and each of them, as follows:

A.     For an award of Defendants' profits and Plaintiffs' damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages

in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.      In the alternative to Defendants' profits and Plaintiffs' actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c)  in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiffs may elect prior to the rendering of final judgment;

C.      For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for willful trademark infringement of their federally registered Shopkins Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendants' profits and Plaintiffs' damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of Plaintiffs' actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Shopkins Works under 17 U.S.C. § 501(a);

F.      In the alternative to Plaintiffs' actual damages and Defendants' profits for copyright infringement of the Shopkins Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright

infringement, which Plaintiffs may elect prior to the rendering of final judgment

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law. § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law. § 350(e);

I.       For an award of damages to be proven at trial for common law unfair competition;

J.       For an award of damages in an amount to be proven at trial for unjust enrichment;

K.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

   i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

   ii.  directly or indirectly infringing in any manner any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Shopkins Marks or Shopkins Works;

   iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Shopkins Marks and Shopkins Works, to identify any goods or services not authorized by Plaintiffs;

   iv.  using any of Plaintiffs' trademarks, copyrights or other rights (whether now

in existence or hereafter created) including, without limitation, the Shopkins Marks or Shopkins Works, or any other marks or artwork that are confusingly or substantially similar to the Shopkins Marks or Shopkins Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

v.   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiffs;

vi.   engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii.   engaging in any other actions that constitute unfair competition with Plaintiffs;

viii.   engaging in any other act in derogation of Plaintiffs' rights;

ix.   secreting, destroying, altering, removing or otherwise dealing with the Counterfeit Products or any books or records that contain any information

relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

x.  from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts, any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

xi.  from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xii.  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

xiii.  providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued

operation of Defendants' User Accounts and Merchant Storefronts; and

xiv.   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (xiii) above; and

L.   For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiffs for destruction any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the Shopkins Works or Shopkins Marks, or bear any marks that are confusingly or substantially similar to the Shopkins Works or Shopkins Marks;

M.   For an order of the Court requiring that Defendants deliver up for destruction to Plaintiffs any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the Shopkins Works or Shopkins Marks, or bear any marks that are confusingly or substantially similar to the Shopkins Works or Shopkins Marks pursuant to 15 U.S.C. § 1118;

N.   For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.   For an order from the Court that an asset freeze or constructive trust be imposed

37

over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiffs;

P.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.      For Plaintiffs' reasonable attorneys' fees;

R.      For all costs of suit; and

S.      For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a trial by jury on all claims.

Dated: September 18, 2018                    Respectfully submitted,

EPSTEIN DRANGEL LLP

BY: _____

Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiffs*
*Moose Toys Pty LTD; Moose Creative*
*Pty LTD; Moose Enterprise Pty LTD;*
*and Moose Creative Management Pty*
*LTD*

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# SHOPKINS

**Reg. No. 4,528,193**

**Registered May 13, 2014**

**Int. Cls.: 16 and 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

MOOSE CREATIVE PTY LTD (AUSTRALIA LIMITED LIABILITY COMPANY)
7-13 ARDENA CRT
EAST BENTLEIGH, AUSTRALIA

FOR: PAPER AND PAPER PRODUCTS IN THE NATURE OF CRAFT ITEMS, NAMELY, ARTS AND CRAFTS PAINT KITS AND CHILDREN'S ARTS AND CRAFTS PAPER KITS, CARDBOARD AND CARD PRODUCTS IN THE NATURE OF CRAFT ITEMS, NAMELY, ARTS AND CRAFTS PAINT KITS AND CHILDREN'S ARTS AND CRAFTS PAPER KITS; ARTS AND CRAFTS KITS, NAMELY, ARTS AND CRAFTS PAINT KITS AND CHILDREN'S ARTS AND CRAFTS PAPER KITS; STICKERS; CRAFT ACTIVITY KITS FOR MAKING AND DECORATING COMPRISING PAINTS, STICKERS, PATTERNED TEMPLATES AND PLASTIC EMBELLISHMENTS FOR STICKERS, NAMELY, PLASTIC GEM STONES AND PLASTIC DECORATIONS; MODELING CLAY AND PLASTIC MODELING PASTE FOR CHILDREN; PRINTED PATTERNS; PRINTED INSTRUCTIONS AND BOOKLETS FOR HOBBY CRAFTS; PRINTED INSTRUCTION CARDS IN THE FIELD OF HOBBIES AND CRAFTS; PUNCHES FOR PAPER FOR CRAFT USE; PAPER DRAWING TEMPLATES; GREETING CARDS AND GIFT BAG OF PAPER FOR CHILDREN'S EDUCATIONAL ACTIVITIES AND CHILDREN'S PLAYING ACTIVITIES; PATTERNED STATIONERY; STATIONERY FOR CHILDREN'S EDUCATIONAL ACTIVITIES AND CHILDREN'S PLAYING ACTIVITIES; ARTISTS MATER- IALS IN THE NATURE OF MOULDS FOR MODELING CLAYS AND PLASTIC MODELING PASTE; WRITING MATERIAL, NAMELY, WRITING PENS AND WRITING INSTRUMENTS FOR CHILDREN'S EDUCATIONAL ACTIVITIES AND CHILDREN'S PLAYING ACTIVITIES; ERASERS; ADHESIVES FOR STATIONERY AND HOUSEHOLD PURPOSES FOR CHIL- DREN'S EDUCATIONAL ACTIVITIES AND CHILDREN'S PLAYING ACTIVITIES; TRADING CARDS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FOR: TOYS, GAMES AND PLAYTHINGS, NAMELY, CARD GAMES, COLLECTIBLE FIG- URINES, COLLECTIBLE ANIMAL FIGURINES, COLLECTIBLE TOYS, NAMELY, TOY FIGURES AND COLLECTIBLE TOY CHARACTERS AND COLLECTABLE BENDABLE TOY CHARACTERS, OUTFITS FOR TOYS, POUCHES FOR TOYS AND COLLECTOR CASES FOR TOYS; PUPPETS; PUZZLES; PACKAGED AMUSEMENT AND EDUCATIONAL GAMES, NAMELY, ELECTRONIC EDUCATIONAL GAME MACHINES FOR CHILDREN; TOY EN- VIRONMENTS FOR USE WITH TOY CHARACTERS, NAMELY, PLAY PIECES IN THE NATURE OF TOY BUILDINGS, TOY VEHICLES, TOY BUILDING STRUCTURES, TOY CONSTRUCTION SETS; PLAY SETS FOR TOY CHARACTERS, PLAY TOY COSTUMES, FANTASY CHARACTER TOYS, TOY ACTION FIGURES AND ACCESSORIES THEREFOR, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).



**Deputy Director of the United States
Patent and Trademark Office**

**Reg. No. 4,528,193**  THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

PRIORITY CLAIMED UNDER SEC. 44(D) ON AUSTRALIA APPLICATION NO. 1520751,
FILED 10-29-2012, REG. NO. 1520751, DATED 10-29-2012, EXPIRES 10-29-2022.

SER. NO. 85-915,375, FILED S.R. 4-26-2013 AM. P.R. 12-22-2013.

KIM MONINGHOFF, EXAMINING ATTORNEY

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

>    ***First Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) between the
>    5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is
>    accepted, the registration will continue in force for the remainder of the ten-year period, calculated
>    from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
>    federal court.

>    ***Second Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) **and** an
>    Application for Renewal between the 9th and 10th years after the registration date.\*
>    *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

>    You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
>    every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO.  The time periods for filing are
based on the U.S. registration date (not the international registration date).  The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications
at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the
USPTO website for further information.  With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# SHOPKINS

**Reg. No. 5,319,666**

**Registered Oct. 31, 2017**

**Int. Cl.: 41**

**Service Mark**

**Principal Register**

Moose Creative Pty Ltd (AUSTRALIA PROPRIETARY LIMITED COMPANY)
29 Grange Rd
Cheltenham Vic 3192
AUSTRALIA

CLASS 41: Entertainment, namely, production and distribution of motion pictures, films and television programs, in the fields of animated entertainment; Educational services, namely, organizing educational and entertaining competitions for children and adults; Providing of training, namely, providing courses of instruction at the pre-school level; Sporting and cultural activities, namely, arranging and conducting athletic competitions for pre-school aged children, entertainment festivals; Production or distribution of television programs, video recordings, motion picture films and videotape films, webisodes and online videos not downloadable, and sound recordings; Provision of interactive websites, namely, electronic game services provided on-line from databases or web sites on the Internet; Providing non-downloadable games via the Internet; Publication of books, magazines and journals; Publication of electronic books, magazines and journals online; Publication of multimedia material online; Providing online electronic publications not downloadable, namely, newsletters, graphic novels, fiction books, and comic books, in the fields of cartoons, graphic novels, and animated entertainment; Live entertainment, namely, live performances featuring costumed characters, production of cartoons; Musical entertainment services, namely, music festivals; Organisation and conducting of dance, music and other entertainment festivals; Organisation of competitions, namely, childrens' colouring competitions; organisation of entertainment events, namely, stage shows for pre-school aged children; Organisation of promotions, namely, production of animated entertainment, namely, motion pictures and television programs

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

PRIORITY DATE OF 02-08-2017 IS CLAIMED

OWNER OF INTERNATIONAL REGISTRATION 1343952 DATED 02-13-2017, EXPIRES 02-13-2027

SER. NO. 79-207,260, FILED 02-13-2017



Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years  after  the  registration  date.   See  15  U.S.C.  §§1058,  1141k.   If  the  declaration  is  accepted,  the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You  must  file  a  Declaration  of  Use  (or  Excusable  Nonuse)  and  an  Application  for  Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international  registration  at  the  International  Bureau  of  the  World  Intellectual  Property  Organization,  under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders  who  authorize  e-mail  communication  and  maintain  a  current  e-mail  address  with  the USPTO.  To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application  System  (TEAS)  Correspondence  Address  and  Change  of  Owner  Address  Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# SHOPKINS

**Reg. No. 5,051,992**

**Registered Oct. 04, 2016**

**Int. Cl.: 3, 9, 12, 26**

**Trademark**

**Principal Register**

MOOSE CREATIVE PTY LTD (AUSTRALIA proprietary limited company (p/l or pty. ltd.) )
29 Grange Rd
Cheltenham VIC 3192 AUSTRALIA

CLASS 3: Cosmetics; oils for perfumes and scents; air fragrancing preparations; eau de cologne; hair conditioners; shampoos; hair spray; make-up; make-up removing preparations; nail polish; nail care preparations; perfumes; non-medicated toiletries; soap

CLASS 9: Protective helmets; pre-recorded video discs featuring animated cartoons; video game cartridges

CLASS 12: Bicycles; bicycle bells; tricycles; two-wheeled trolleys; luggage trucks in the nature of luggage carriers for vehicles; wheelbarrows; safety seats for children for vehicles

CLASS 26: Sewing thimbles; hair pins; hair bands; needles; needle cushions; embroidery; buttons; belt clasps; shoe laces; hair barrettes; badges for wear, not of precious metal, in the nature of ornamental novelty badges; bobby pins; elastic ribbons; wigs; pins other than jewelery in the nature of hat pins

The mark consists of the word "SHOPKINS" in stylized form.

PRIORITY DATE OF 11-18-2015 IS CLAIMED

OWNER OF INTERNATIONAL REGISTRATION 1286611 DATED 01-05-2016, EXPIRES 01-05-2026

SER. NO. 79-182,083, FILED 01-05-2016
SHAILA E LEWIS, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# SHOPKINS

**Reg. No. 5,051,776**

**Registered Oct. 04, 2016**

**Int. Cl.: 9, 16, 18, 21, 24, 25, 28, 30**

**Trademark**

**Principal Register**

MOOSE CREATIVE PTY LTD (AUSTRALIA proprietary limited company (p/l or pty. ltd.) )

29 Grange Rd
Cheltenham VIC 3192 AUSTRALIA 3145

CLASS 9: Computer game programs; computer game programs downloaded via the internet; computer programs for video games; computer game software

CLASS 16: Adhesive for stationery purposes; gum arabic glue for stationery or household purposes; self-adhesive labels of plastics; paper crafts materials, namely, art paper, craft paper, drawing paper; cardboard; erasers; printing blocks; children's paint-boxes; children's painting sets; artists' materials, namely, brushes, pens, paints, pastels; modelling clay for artists; writing materials, namely, pens, pencils and markers; starch pastes for stationery or household purposes; stickers; erasers

CLASS 18: Travel bags; all-purpose carrying bags; beach bags; sports bags; all-purpose carrying bags for children, shoulder bags; cosmetic bags sold empty; toiletries bags sold empty; backpacks

CLASS 21: Bottles sold empty; cake molds; candy boxes; china ornaments; ceramics for household purposes, namely, cups, dishes, plates and egg cups, chopsticks; cookie jars; cookery moulds; cups; dishes; kitchen utensils, namely, tongs, splatter screens, serving scoops; drinking glasses; egg cups; figurines of china, earthenware, glass and porcelain; bowls; fruit cups; ice cube molds; lunch boxes, mugs; napkin rings; pastry cutters; piggy banks; pottery, namely, plates, bowls and mugs; soup bowls; tableware, namely, tea services; tea pots; toothbrushes; toothpicks; urns; vases; watering cans

CLASS 24: Bed linen; textile goods for use as bedding, namely, bed sheets, fitted bed sheet covers, bed flat sheets, pillow cases, blankets and duvets

CLASS 25: Clothing, namely, shirts, shorts, hoodies, jackets, dresses, skirts, sleepwear and underwear; footwear, headwear

CLASS 28: Toys, namely, toy vehicles; toy models; toy figures; playing cards; plush toys; card games; video output game machines for use with an external display screen or monitor; electronic educational games machines for children; trading cards games; dolls

CLASS 30: Confectionery, namely, candies, cookies, biscuits, sorbets, chewing gum; ice creams; sugar confectionery; confectionery bars, namely, chocolate bars; confectionery chocolate products, namely, chocolate candies, chocolate chips; non-medicated confectionery, namely, non-medicated candies; edible ices

PRIORITY DATE OF 08-25-2015 IS CLAIMED

OWNER OF INTERNATIONAL REGISTRATION 1271239 DATED 09-21-2015, EXPIRES 09-21-2025

SER. NO. 79-175,290, FILED 09-21-2015
GEOFFREY A FOSDICK, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- ***First Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:***  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America

## United States Patent and Trademark Office

# SHOPKINS KINSTRUCTIONS

**Reg. No. 5,292,679**

**Registered Sep. 19, 2017**

**Int. Cl.: 28**

**Trademark**

**Principal Register**

MOOSE CREATIVE PTY LTD (AUSTRALIA PROPRIETARY LIMITED COMPANY)
29 GRANGE RD
CHELTENHAM VIC AUSTRALIA 3192

CLASS 28: Board games; Card games; Computer games apparatus adapted for use with an external display screen or monitor, namely, video gaming consoles for playing computer games; Construction games; Games and playthings in craft kit form, namely, toy model hobby craft kids for constructing toy model buildings, vehicles, action figures and pretend food; Electronic educational teaching game machines for children; Electronic games not being software, namely, hand held units for playing electronic games; Apparatus for electronic games adapted for use with an external display screen or monitor; Hand held games with dot matrix liquid crystal displays; Children's electronic action toys; Hand held units for playing electronic computer games; Kits of parts sold complete for constructing miniatures toys, namely, toy model buildings, vehicles, action figures and pretend food; Miniatures toy figures for use in games; Toy models for use with hobby games; Toy card games; Trading cards being card games; Action figures; Action figure toys; Children's toys, namely, action figure toys and collectible toy figures; Construction toys; Children's educational toys for developing fine motor skills; Toy models being toys or playthings; Craft toys sold complete, namely, toy model hobby craft kits for constructing toy model buildings, vehicles, action figures and pretend food; Craft toys sold in kit form, namely, toy model hobby craft kits for constructing toy model buildings, vehicles, action figures and pretend food; Plush toys; Toys, namely, action figure toys and collectible toy figures; Toys and playthings being for sale in kit form, namely action figure toys and collectible toy figures; Tactile educational games, namely, children's educational toys for developing fine motor skills; Dolls; Toy figures; Modeled plastic toy figurines

FIRST USE 12-5-2015; IN COMMERCE 12-5-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-170,372, FILED 09-14-2016
STEVEN M PEREZ, EXAMINING ATTORNEY



Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO.  To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,202,410**

**Registered May 16, 2017**

**Int. Cl.: 16, 28**

**Trademark**

**Principal Register**

Moose Creative Pty Ltd (AUSTRALIA Proprietary Limited )
29 Grange Rd
CHELTENHAM VIC 3192
AUSTRALIA

CLASS 16: Coloured liquids for use in childrens' crafts namely coloured paint kits; paper crafts materials namely, children's art and crafts paper kits and craft paper embossers; craft cardboard; craft kits for painting posters; craft kits for papier mache model construction; craft paper; paper articles for use in relation to craft namely children's art and crafts paper kits and craft paper embossers; art materials being paint boxes for use in schools; art paper; adhesive backed films being stationery for use as decorative trim; adhesive backed films for stationery purposes; stationery for children's educational activities; stationery for children's playing activities; adhesive stickers; paper stickers being decalcomanias; plastic stickers being decalcomanias; printed stickers; stickers being decalcomanias; stickers being stationery; patterned stationery; modelling clay; moulds for modelling clays being artists' materials; erasers; printed patterns for making clothes; printed patterns for costumes; paint boxes for use by children; children's paint-boxes; children's painting sets; artists' materials namely art pads, art paper, artists' brushes, artists' pastels, artists' pens; stationery; booklets relating to games; printed matter in the nature of instructions for use with board games; trading cards other than for games; modelling materials namely modelling clay; writing materials namely writing pens, pencils, crayons, writing paper; toy modelling dough

CLASS 28: Action figure toys; children's toys namely action figure toys and collectible toy figures; construction toys; craft toys sold complete namely action figures, action toys, construction toys, costumes for toys; craft games and playthings sold in kit form namely toy model hobby craft kits for constructing toy model buildings, vehicles, action figures and pretend food; educational toys namely childrens' educational toys for developing fine motor skills; electronic action toys; modeled plastic figurines being toys; kits of parts sold complete for constructing miniature model scale toys; kits of parts sold complete for constructing toy model cars; kits of parts sold complete for constructing toy model buildings, vehicles, action figures and pretend food toys; kits of parts sold complete for the construction of toy model buildings, vehicles, action figures and pretend food toys; toys models; toy models being toys or playthings; plush toys; toy card games; toy dolls; toy figures; toy furniture; toy jewellery; toy scale model kits; toy models; toy playsets for collectible toy figurines; toy tableware; toy vehicles; toys namely collectible figure toys; toys playthings being for sale in kit form namely toy model buildings, vehicles, action figures and pretend food toys; toys playthings sold in kit form namely toy model buildings, vehicles, action figures and pretend food toys; toys adapted for educational purposes being childrens' educational toys for developing fine motor skills; board games; card games; computer games apparatus adapted for use with an external display



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

screen or monitor; construction toys; craft kits for games and playthings namely toy model hobby craft kits for constructing toy model buildings, vehicles, action figures and pretend food; electronic educational teaching game machine for children namely hand held unit for playing electronic games; electronic game machines incorporating their own visual display facilities; games adapted for use with an external display screen or monitor; games adapted for use with dot matrix liquid crystal displays; games for children namely hand held units for playing electronic games; hand held units for playing computer games other than those adapted for use with an external display screen or monitor; hand held electronic games adapted for use with television receivers only; game equipment namely, three-dimensional modular pieces for assembly to resemble miniatures terrain for use in games; playing pieces in the nature of miniature action figures and toy model vehicles for use with table top hobby games in the nature of childrens' fantasy games for use with hobby games; trading cards being card games; dolls; dolls' furniture; furniture for dolls' houses

Color is not claimed as a feature of the mark.

The mark consists of the stylized word "SHOPKINS" outlined and over the top of a hangtag with a jagged circular edge on the left side. Underneath the term "SHOPKINS" is the wording "ONCE YOU SHOP...YOU CAN'T STOP!".

PRIORITY DATE OF 02-05-2016 IS CLAIMED

OWNER OF INTERNATIONAL REGISTRATION 1318791 DATED 05-26-2016, EXPIRES 05-26-2026

SER. NO. 79-196,111, FILED 05-26-2016
TARAH KI HARDY LUDLOW, EXAMINING ATTORNEY

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38, and 50

**United States Patent and Trademark Office**

Reg. No. 3,363,052
Registered Jan. 1, 2008

## TRADEMARK
### PRINCIPAL REGISTER



MOOSE ENTERPRISE PTY LTD (AUSTRALIA CORPORATION)
7-13 ARDENA COURT
EAST BENTLEIGH
MELBOURNE, AUSTRALIA 3165

FOR: TOYS AND PLAYTHINGS, NAMELY, COLLECTABLE TOY FIGURINES, NOT RELATING TO SPORTS, A SPORTS TEAM OR A SPORTS MASCOT, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 1-31-2003; IN COMMERCE 1-31-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENTERPRISE", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A MOOSE HEAD PROTRUDING FROM TWO CONCENTRIC CIRCLES. THE MOOSE HEAD IS THE COLOR GREEN EXCEPT FOR THE BLACK AND WHITE EYES, BLACK NOSTRILS AND WHITE INTERIOR PORTION OF THE MOUTH, WHICH IS OUTLINED IN BLACK. THE WORDS MOOSE ENTERPRISE APPEAR AROUND THE MOOSE HEAD AND WITHIN THE LIGHTER GREEN OUTER CIRCLE.

SN 78-143,771, FILED 7-15-2002.

TARAH HARDY, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,178,557**

**Registered Apr. 11, 2017**

**Int. Cl.: 9, 16, 28**

**Trademark**

**Principal Register**

Moose Enterprise Pty Ltd (AUSTRALIA Proprietary Limited Company )
29 Grange Rd
Cheltenham VIC 3192
AUSTRALIA

CLASS 9: Computer game software, namely, electronic game programmes and electronic game software; recorded electronic game software and programmes for use with electronic games of all kinds; computer programs for computer games; computer programs for playing games; computer programs for video games; computer game software; computer game software recorded on disc

CLASS 16: Paper; art paper; craft paper; printed instruction leaflets in the field of computer games, computer software, arts and crafts, and games and toys; erasers

CLASS 28: Toys, namely, collectible figurines, collectible animal figurines, collectible toy figures and collectible toy characters and collectable bendable toy characters, outfits for toys, pouches specially designed for toys and collector cases specially designed for toys; toys, namely, puppets, puzzles, electronic educational game machines for children, toy buildings, toy vehicles, toy building structures, toy construction sets, play sets for toy character figures, costumes for toy figures, fantasy character toy figures, toy action figures and accessories therefor; board games; dolls; excluding toys that are shaped like, resemble, depict, or incorporate pictures of moose

The mark consists of the wording "MOOSE" appearing above and between the antlers of the design of a moose head.

PRIORITY DATE OF 11-17-2014 IS CLAIMED

OWNER OF INTERNATIONAL REGISTRATION 1253005 DATED 11-21-2014, EXPIRES 11-21-2024

SER. NO. 79-167,677, FILED 11-21-2014
JAMES W MACFARLANE, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Fri Mar 9 03:47:03 EST 2018

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout   Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# SHOPKINS HAPPY PLACES

**Word Mark**   SHOPKINS HAPPY PLACES

**Goods and Services**   IC 016. US 002 005 022 023 029 037 038 050. G & S: Adhesive for paper for household purposes; art paper; craft paper; drawing paper; paper; paper crafts materials namely children's art and crafts paper kits and craft paper embossers; cardboard; erasers; printed matter for use with board games; printing blocks; children's paint-boxes; materials for drawing namely drawing pens, pencils, crayons, drawing paper; drawing materials namely drawing pens, pencils, crayons, drawing paper; artists' materials namely art pads, art paper, artists' brushes, artists' pastels, artists' watercolours, artists' pens; modelling materials namely modelling clay; writing materials namely writing pens, pencils, crayons, writing paper; adhesive stickers; gums being adhesives for stationery or household purposes; pastes for stationery or household purposes; stickers being decalcomanias; stickers being stationery; coloured liquids for use in childrens' crafts, namely coloured paints; craft kits for painting/posters in the nature of arts and craft paint kits; Children' arts and crafts paper kits namely craft kits for papier mache model construction; art materials being paint boxes for use in schools; adhesive backed films being stationery for use as decorative trim; adhesive backed films for stationery purposes; stationery; stationery for children's educational activities; stationery for children's playing activities; printed stickers; modelling clay; moulds for modelling clays being artists' materials; printed patterns; printed patterns for costumes; arts and craft paint kits comprising boxes of paints for use by children; children's painting sets; booklets relating to games namely booklets in the field of rules for children's games; printed matter for use with board games namely rule books; trading cards other than for games; toy modelling dough

IC 028. US 022 023 038 050. G & S: Craft kits for games and playthings namely toy model hobby craft kits for constructing toy model buildings, vehicles, action figures and pretend food; craft toys sold complete namely action figures, action toys, construction toys, costumes for toys; craft toys sold in kit form namely toy model hobby craft kits for constructing toy model buildings, vehicles, action figures and pretend food; action figures being toys or playthings; action figure toys; children's toys namely action figure toys and collectible toys; figurines being toys namely modelled plastic toy figurines; kits of parts sold complete for constructing miniature toys namely toy model buildings, vehicles, action figures and pretend food; kits of parts sold complete for constructing toys namely toy model buildings, vehicles, action figures and pretend food; kits of parts sold complete for the assembly of toys namely toy model buildings, vehicles, action figures and pretend food; kits of parts sold complete for the construction of toys namely toy model buildings, vehicles, action figures and pretend food; model toys or playthings namely model buildings, vehicles, action figures and pretend food; toys namely figure toys and collectible toys; toys being for sale in kit form namely figure toys and collectible toys; toys sold in kit form namely figure toys and collectible toys; kits of parts sold complete for constructing toy models; kits of parts sold complete for making toy model cars; kits of parts sold complete for making toy models; toy model kits; toy models; card games; apparatus for electronic games adapted for use with an external display screen or monitor; hand held games with dot matrix liquid crystal displays; tactile educational manipulative games being playthings; trading cards being card games; educational playthings namely children's educational toys for developing fine motor skills; electronic playthings namely, hand-held electronic game units adapted for use with an external display screen or monitor; playthings namely collectible toy figurines; model toys namely model buildings, vehicles, action figures and pretend food; toys adapted for educational purposes namely educational toys for developing fine motor skills; construction toys; plush toys; toy dolls; toy figures; toy furniture; toy playsets for collectible toy figurines; board games; games for children namely hand held units for playing electronic games; hand held computer games namely hand held units for playing electronic games; hand held units for playing electronic games; miniature toy figures for use in games; toy models for use with hobby games; dolls; dolls' furniture; dolls' houses; furniture for dolls' houses

| | |
|---|---|
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 79193499 |
| **Filing Date** | May 29, 2016 |
| **Current Basis** | 66A |
| **Original Filing Basis** | 66A |
| **International Registration Number** | 1313196 |
| **Owner** | (APPLICANT) Moose Creative Pty Ltd UNKNOWN 29 Grange Rd CHELTENHAM VIC 3192 AUSTRALIA |
| **Priority Date** | February 12, 2016 |
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY |

# EXHIBIT B

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

**VA 1-974-382**

**Effective Date of Registration:**
October 16, 2015

---

## Title

**Title of Work:** Shopkins Series 1 Collector's Guide

## Completion/Publication

**Year of Completion:** 2013
**Date of 1st Publication:** June 01, 2014
**Nation of 1st Publication:** United States

## Author

- **Author:** Moose Creative Management Pty Ltd
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Domiciled in:** Australia

## Copyright Claimant

**Copyright Claimant:** Moose Creative Management Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 E. 42nd Street
Suite 2410
New York, NY 10165 United States

## Certification

**Name:** Jennette Wiser
**Date:** October 16, 2015
**Applicant's Tracking Number:** 3741-701

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## VA 1-974-244

**Effective Date of Registration:**
October 16, 2015

---

## Title

**Title of Work:**   Shopkins Series 2 Collector's Guide

## Completion/Publication

**Year of Completion:**   2014
**Date of 1st Publication:**   December 17, 2014
**Nation of 1st Publication:**   Australia

## Author

●   **Author:**   Moose Creative Management Pty Ltd
**Author Created:**   2-D artwork
**Work made for hire:**   Yes
**Domiciled in:**   Australia

## Copyright Claimant

**Copyright Claimant:**   Moose Creative Management Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions

**Organization Name:**   Epstein Drangel LLP
**Email:**   mail@ipcounselors.com
**Telephone:**   (212)292-5390
**Address:**   60 E. 42nd Street
Suite 2410
New York, NY 10165 United States

## Certification

**Name:**   Jennette Wiser
**Date:**   October 16, 2015
**Applicant's Tracking Number:**   3741-701

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## VA 1-974-287

**Effective Date of Registration:**
October 16, 2015

---

## Title

**Title of Work:** Shopkins Series 3 Collector's Guide

## Completion/Publication

**Year of Completion:** 2014
**Date of 1st Publication:** June 01, 2015
**Nation of 1st Publication:** United States

## Author

- **Author:** Moose Creative Management Pty Ltd
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Domiciled in:** Australia

## Copyright Claimant

**Copyright Claimant:** Moose Creative Management Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 E. 42nd Street
Suite 2410
New York, NY 10165 United States

## Certification

**Name:** Jennette Wiser
**Date:** October 16, 2015
**Applicant's Tracking Number:** 3741-701

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

# VAu 1-229-182

**Effective Date of Registration:**
October 16, 2015

---

## Title
_____

**Title of Work:**   Shopkins Series 4 Characters (2-D)

## Completion/Publication
_____

**Year of Completion:**   2015

## Author
_____

- **Author:**   Moose Creative Management Pty Ltd
  **Author Created:**   2-D artwork
  **Work made for hire:**   Yes
  **Domiciled in:**   Australia

## Copyright Claimant
_____

**Copyright Claimant:**   Moose Creative Management Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions
_____

**Organization Name:**   Epstein Drangel LLP
**Email:**   mail@ipcounselors.com
**Telephone:**   (212)292-5390
**Address:**   60 E. 42nd Street
Suite 2410
New York, NY 10165 United States

## Certification
_____

**Name:**   Jennette Wiser
**Date:**   October 16, 2015
**Applicant's Tracking Number:**   3741-701

---

**Copyright Office notes:**   Basis for Registration: Unpublished collection



# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## VAu 1-247-227

**Effective Date of Registration:**
March 24, 2016

---

## Title

**Title of Work:** Shopkins Series 5 Collector's Guide

## Completion/Publication

**Year of Completion:** 2015

## Author

- **Author:** Moose Creative Management Pty Ltd
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Domiciled in:** Australia

## Copyright Claimant

**Copyright Claimant:** Moose Creative Management Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

**Name:** Jennette Wiser
**Date:** March 24, 2016
**Applicant's Tracking Number:** 3742-701

---

**Copyright Office notes:** Basis for Registration: Unpublished collection

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## VAu 1-247-232

**Effective Date of Registration:**
March 24, 2016

## Title

**Title of Work:** Shopkins Series 5 Characters (2-D)

**Content Title:** Dennis Bat, Katie Skateboard, Sadie Soccerball, Bailey Baseball Glove, Grace
Baseball Bat, Lola Roller Blade, Bessy Baseball, Snorky, Woody Garden Chair,
Walter Watering Can, Penny Wishing Well, Winnie Window Box, Barb B Que,
Freda Fern, Launa Mower, Peta Planter, Plucky Guitar, Fun Drum, Polly Piano,
Tammy Tambourine, Mike Rophone, Khia Board, Hillary Harp, Max
Saxophone, Claire Chair, Jane Frame, Bertha Bath, Tiny Tissues, Veronica
Vase, Jen Jug, Polly Teapot, Lynn Lamp, Brittney Brownie, Dolly Donut, Ollie
Orange Cake, Mel T Moment, Jilly Jam Roll, Creamy Cookie Cupcake, Linda
Layered Cake, Royal Cupcake, Rockin' Choc, Cute Fruit Jello, Sprinkle Lee
Cake, Mandy Mousse, Ice Cream Kate, Cuppa Cocoa, Chocky Croissant, Tasty
Toast, Percy P.C, Sammy Speaker, Clicky Mouse, Gabby Gamer, Cam Corder,
Lizzy Laptop, Howard Powerboard, Connie Console, Paula Puzzle, Fortune
Stella, Lynne Spring, Yolanda Yo-Yo, Blocky, Spinderella

## Completion/Publication

**Year of Completion:** 2015

## Author

- **Author:** Moose Creative Management Pty Ltd
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Domiciled in:** Australia

## Copyright Claimant

**Copyright Claimant:** Moose Creative Management Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

**VAu 1-262-178**

**Effective Date of Registration:**
August 24, 2016

## Title _____

**Title of Work:** Shopkins Series 6 Characters (2-D)

**Content Title:** Betsy Butter, Shelly Egg, Melissa Milk, Fleur Flour, Strawberry Top, Madeline
Muffin, Charlie Cheese, Runny Honey, Kane Sugar, Herb L. Teabag, Pippa
Lemon, V. Nilla Tubs, Buncho Bananas, Choc Chips, Karen Carrot, Button
Mushroom, Sam Soy, Bethany Broccoli, Pappa Pizza Base, Timmy Tomato
Paste, Roma Tomato, Patsy Pasta, C. Salt, Teary Onion, Jasmine Rice, Sweet
Corn, Choc E. Tubs, Choc N' Chip, Miss Sprinkles, Little Choc Bottle, Toast T.
Warm, Polly Parsley, Blocky Ice Cube, Ros Berry, Olive Oil, Vicki Vanilla, Iris
Icing Sugar, Adam Apple, Cinnamon Sally, Cassie Caster Sugar, Nina Noodles,
Bella, Mozzarella, Parmesan Pete, Chili Peppa, Berry Tubs, Cherry – Anne,
Wilbur Whipped Cream, Carmel Topping, Sami Scrambles, Berry Sweet
Pancakes, Barbie Breakfast Muffin, Tegan Tea, Briana Banana, Smoothie,
Winona Waffles, Stacks Cookie, Cara Carrot Cake, Apple Pie Alice, Cupcake
Princess, Natalie Noodles, Veronica Veggie Pizza, Twirly Spaghetti, Freddy
Fried Rice, Sweets Honey, Freezy Bites, B. Nana Split, Choc - Kate Sundae,
Small - Fry Pan, Mavis Maple Syrup, Susie Sausage, P. Nut Butter, Dusty
Cocoa, Goldie Syrup, Freda Frosting, Olivia Olive, Bridie Basil, Harvey
Honeycomb, Choc Buds, Wanda Wafer, Tiny Tiara Topper, Patricia Parfait
Glass, Belinda Blender, Bessie Bowl, Pizza Will, Whitney Whisk, Patty Case,
Judy Jug, Macy Macaroni, Berry Delightful, Toast T. Warm, Olive Oil, Carmel
Topping, Parmesan Pete, Vicki Vanilla, Bella Mozzarella, Pinky Frosting, Choc
Frost, Sara Sweet Hearts, Strawberry Jan, Chocolate Cake Jake, Valentina
Vanilla Cake, Webster Waffle, Charli Chocblock, Sadie Syrup, Scooper,
Winston Waffle, Bowl O'Bananas, Rosa Raspberry, Straw Besties, Mango
Milly, Annie Orange, So Grate Chocolate, Pia Pineapple, Portia Passionfruit,
Yol Yoghurt, Mary Cranberry, Linda Lime

## Completion/Publication _____

**Year of Completion:** 2015

## Author _____

• **Author:** Moose Creative Management Pty Ltd
**Author Created:** 2-D artwork
**Work made for hire:** Yes
**Domiciled in:** Australia

## Copyright Claimant _____

Copyright Claimant:   Moose Creative Management Pty Ltd
                      29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions

Organization Name:   Epstein Drangel LLP
            Email:   mail@ipcounselors.com
        Telephone:   (212)292-5390
          Address:   60 East 42nd Street
                     Suite 2520
                     New York, NY 10165 United States

## Certification

             Name:   Jennette Wiser
             Date:   August 24, 2016
Applicant's Tracking Number:   3741-701

Copyright Office notes:   Basis for Registration: Unpublished Collection



## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

**VA 1-983-701**

**Effective Date of Registration:**
September 28, 2015

---

## Title

**Title of Work:** Popette Shopkins Shoppies Doll (2-D)

## Completion/Publication

**Year of Completion:** 2015
**Date of 1st Publication:** September 10, 2015
**Nation of 1st Publication:** United States

## Author

- **Author:** Moose Creative Pty Ltd
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Domiciled in:** Australia

## Copyright Claimant

**Copyright Claimant:** Moose Creative Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Austria

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 E. 42nd Street
Suite 2410
New York, NY 10165 United States

## Certification

**Name:** Jennette Wiser
**Date:** September 28, 2015
**Applicant's Tracking Number:** 3741-700

Page 1 of 2

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-000-069

**Effective Date of Registration:**
January 11, 2016

## Title

**Title of Work:** Bubbleisha Shopkins Shoppies Doll (2-D)

## Completion/Publication

**Year of Completion:** 2015
**Date of 1st Publication:** September 10, 2015
**Nation of 1st Publication:** United States

## Author

- **Author:** Moose Creative Pty Ltd
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Domiciled in:** Australia

## Copyright Claimant

**Copyright Claimant:** Moose Creative Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

**Name:** Jennette Wiser
**Date:** January 11, 2016
**Applicant's Tracking Number:** 3741-700

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

**VA 2-000-067**

**Effective Date of Registration:**
January 11, 2016

## Title

**Title of Work:**   Jessicake Shopkins Shoppies Doll (2-D)

## Completion/Publication

**Year of Completion:**   2015
**Date of 1st Publication:**   September 10, 2015
**Nation of 1st Publication:**   United States

## Author

**Author:**   Moose Creative Pty Ltd
**Author Created:**   2-D artwork
**Work made for hire:**   Yes
**Domiciled in:**   Australia

## Copyright Claimant

**Copyright Claimant:**   Moose Creative Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions

**Organization Name:**   Epstein Drangel LLP
**Email:**   mail@ipcounselors.com
**Telephone:**   (212)292-5390
**Address:**   60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

**Name:**   Jennette Wiser
**Date:**   January 11, 2016
**Applicant's Tracking Number:**   3741-700

Page 1 of 2



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Copyright Number = VA0001984432
Search Results: Displaying 1 of 1 entries

◀ previous | next ▶

Labeled View

*Shopkins Shoppies Dolls (3-D): Popette, Jessicake and Bubbleisha.*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001984432 / 2015-09-28 |
| **Application Title:** | Shopkins Shoppies Dolls (3-D): Popette, Jessicake and Bubbleisha. |
| **Title:** | Shopkins Shoppies Dolls (3-D): Popette, Jessicake and Bubbleisha. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Moose Creative Pty Ltd. Address: 29 Grange Road, Cheltenham, VIC 3192, Australia. |
| **Date of Creation:** | 2015 |
| **Date of Publication:** | 2015-09-10 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Moose Creative Pty Ltd, employer for hire; Domicile: Australia. Authorship: sculpture. |
| **Pre-existing Material:** | 2-D artwork, Pre-existing drawings of the Shopkins Shoppies Dolls. |
| **Basis of Claim:** | sculpture. |
| **Rights and Permissions:** | Epstein Drangel LLP, 60 E. 42nd Street, Suite 2410, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Copyright Note:** | C.O. correspondence. |
| **Names:** | Moose Creative Pty Ltd |



◀ previous | next ▶



| Save, Print and Email (**Help Page**) | |
|---|---|
| Select Download Format  Full Record  ▼ | Format for Print/Save |
| Enter your email address: | Email |

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

# VA 1-999-644

**Effective Date of Registration:**
January 05, 2016

## Title _____

**Title of Work:**  Peppa-Mint Shopkins Shoppies Doll (2-D)

## Completion/Publication _____

**Year of Completion:**  2015
**Date of 1st Publication:**  January 01, 2016
**Nation of 1st Publication:**  United States

## Author _____

- **Author:**  Moose Creative Pty Ltd
  **Author Created:**  2-D artwork
  **Work made for hire:**  Yes
  **Domiciled in:**  Australia

## Copyright Claimant _____

**Copyright Claimant:**  Moose Creative Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions _____

**Organization Name:**  Epstein Drangel LLP
**Email:**  mail@ipcounselors.com
**Telephone:**  (212)292-5390
**Address:**  60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification _____

**Name:**  Jennette Wiser
**Date:**  January 05, 2016
**Applicant's Tracking Number:**  3741-700

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

**VA 1-999-646**

**Effective Date of Registration:**
January 05, 2016

## Title

**Title of Work:** Peppa-Mint Shopkins Shoppies Doll (3-D)

## Completion/Publication

**Year of Completion:** 2015
**Date of 1st Publication:** January 01, 2016
**Nation of 1st Publication:** United States

## Author

- **Author:** Moose Creative Pty Ltd
  **Author Created:** sculpture
  **Work made for hire:** Yes
  **Domiciled in:** Australia

## Copyright Claimant

**Copyright Claimant:** Moose Creative Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

**Name:** Jennette Wiser
**Date:** January 05, 2016
**Applicant's Tracking Number:** 3741-700

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

**VA 1-999-647**

**Effective Date of Registration:**
January 05, 2016

## Title

**Title of Work:** Donatina Shopkins Shoppies Doll (2-D)

## Completion/Publication

**Year of Completion:** 2015
**Date of 1st Publication:** January 01, 2016
**Nation of 1st Publication:** United States

## Author

- **Author:** Moose Creative Pty Ltd
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Domiciled in:** Australia

## Copyright Claimant

**Copyright Claimant:** Moose Creative Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

**Name:** Jennette Wiser
**Date:** January 05, 2016
**Applicant's Tracking Number:** 3741-700

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

Maria A. Pallante

United States Register of Copyrights and Director

**Registration Number**

**VA 1-999-648**

**Effective Date of Registration:**
January 05, 2016

## Title

**Title of Work:** Donatina Shopkins Shoppies Doll (3-D)

## Completion/Publication

**Year of Completion:** 2015
**Date of 1st Publication:** January 01, 2016
**Nation of 1st Publication:** United States

## Author

- **Author:** Moose Creative Pty Ltd
  **Author Created:** sculpture
  **Work made for hire:** Yes
  **Domiciled in:** Australia

## Copyright Claimant

**Copyright Claimant:** Moose Creative Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP
**Email:** mail@ipcounselors.com
**Telephone:** (212)292-5390
**Address:** 60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification

**Name:** Jennette Wiser
**Date:** January 05, 2016
**Applicant's Tracking Number:** 3741-700

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VAu 1-262-365

**Effective Date of Registration:**
August 24, 2016

## Title

| | |
|---|---|
| **Title of Work:** | Shopkins Shoppies Chef Club Dolls (2-D) |
| **Content Title:** | Bubbleisha, Bubble Cupcake, Bobby Bubble Gum, Jessicake, Cherry Nice Cupcake, Cupcake Petal, Peppa-Mint, Nice-Cream Sandwich, Choc Mint Charlie, Donatina, Chrissy Cream, Dippy Donut |

## Completion/Publication

**Year of Completion:** 2015

## Author

| | |
|---|---|
| **Author:** | Moose Creative Management Pty Ltd |
| **Author Created:** | 2-D artwork |
| **Work made for hire:** | Yes |
| **Domiciled in:** | Australia |

## Copyright Claimant

**Copyright Claimant:** Moose Creative Management Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | Epstein Drangel LLP |
| **Email:** | mail@ipcounselors.com |
| **Telephone:** | (212)292-5390 |
| **Address:** | 60 East 42nd Street
Suite 2520
New York, NY 10165 United States |

## Certification

| | |
|---|---|
| **Name:** | Jennette Wiser |
| **Date:** | August 24, 2016 |
| **Applicant's Tracking Number:** | 3741-700 |

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kay Perly Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-045-570

**Effective Date of Registration:**
October 03, 2016

## Title _____

**Title of Work:**   Shopkins Series 6 (Chef Club) Collector's Guide

## Completion/Publication _____

**Year of Completion:**   2015
**Date of 1st Publication:**   October 01, 2016
**Nation of 1st Publication:**   United States

## Author _____

**Author:**   Moose Creative Management Pty Ltd
**Author Created:**   2-D artwork
**Work made for hire:**   Yes
**Domiciled in:**   Australia

## Copyright Claimant _____

**Copyright Claimant:**   Moose Creative Management Pty Ltd
29 Grange Road, Cheltenham, VIC 3192, Australia

## Rights and Permissions _____

**Organization Name:**   Epstein Drangel LLP
**Email:**   mail@ipcounselors.com
**Telephone:**   (212)292-5390
**Address:**   60 East 42nd Street
Suite 2520
New York, NY 10165 United States

## Certification _____

**Name:**   Jennette Wiser
**Date:**   October 03, 2016
**Applicant's Tracking Number:**   3741-701